Gerald Ross PIZZUTO, Jr., Petitioner–Appellant,

v.

A.J. ARAVE, Warden, Respondent–Appellee.

No. 97–99017.

United States Court of Appeals, Ninth Circuit.

Oct. 20, 2004.

Ramiro CORNEJO–BARRETO, Petitioner–Appellant,

v.

Joan M. Fisher, Esq., Bruce D. Livingston, Esq., Bruce D. Livingston, Esq., Federal Public Defender, Moscow, ID, for Petitioner–Appellant.

Robert H. Gombiner, Esq., Federal Public Defender's Office, Seattle, WA, Michael A. Henderson, AAG, Kenneth Robins, L. Lamont Anderson, Esq., Office of Attorney General, Boise, ID, for Respondent–Appellee.

Before B. FLETCHER, RYMER, and GOULD, Circuit Judges.

### ORDER

We filed an opinion in this case on February 6, 2002, *Pizzuto v. Arave*, 280 F.3d 949 (9th Cir.2002), but ordered the mandate stayed pending a decision by the United States Supreme Court in *Arizona v. Ring*, 200 Ariz. 267, 25 P.3d 1139 (2001). *Pizzuto v. Arave*, 280 F.3d 1217 (9th Cir. 2002). Once *Ring* was decided, *Ring v. Arizona*, 536 U.S. 584, 122 S.Ct. 2428, 153 L.Ed.2d 556 (2002), we further stayed the mandate pending the Supreme Court's decision in *Summerlin v. Stewart*, 341 F.3d 1082(9th Cir.2003) (en banc). *Pizzuto v. Arave*, 345 F.3d 1119 (9th Cir.2003) (also deferring the time for filing a petition for rehearing and/or petition for rehearing en banc until final disposition of *Summerlin*). *Summerlin* has been decided as well. *Schriro v. Summerlin*, — U.S. —, 124 S.Ct. 2519, 2526, 159 L.Ed.2d 442 (2004). Having received and reviewed briefing on both cases, we now lift the stay.[1]

Pizzuto filed supplemental briefs before our opinion was published in which he contended that *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), overruled *Walton v. Arizona*, 497 U.S. 639, 110 S.Ct. 3047, 111 L.Ed.2d 511 (1990). We held that Pizzuto's argument was foreclosed because only the Supreme Court could overrule *Walton*. *Pizzuto*, 280 F.3d at 976.

In *Ring*, the Court did overrule its prior holding in *Walton* that Arizona's sentencing scheme, in which the trial judge alone determines the presence or absence of aggravating factors required by Arizona law for imposition of the death penalty, was compatible with the Sixth Amendment. It did so because the Court concluded that the reasoning in *Apprendi* was "irreconcilable with *Walton's* holding in this regard." *Ring*, 536 U.S. at 589, 122 S.Ct. 2428. However, as the Court has subsequently held, *Ring* is not retroactive to cases on habeas corpus review. *Summerlin*, —

---

1. This order lifts the stay imposed February 6, 2002 and continued in effect October 3, 2003. Nevertheless, the mandate shall not issue until proceedings on Pizzuto's petition for rehearing and for rehearing en banc are concluded.

U.S. at ——, 124 S.Ct. at 2526. Therefore, Pizzuto's claim that his sentencing by a judge was unconstitutional must fail. *See Leavitt v. Arave*, 383 F.3d 809 (9th Cir. 2004).

*Ring* and *Summerlin* having been the reason for our stay orders, the stays entered pursuant to those orders are no longer required. Those orders are, accordingly, discharged.